UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HERMAN MILLER, INC.
RETIREMENT INCOME PLAN,

       Plaintiff,

  v.

RAQUEL S. MAGALLON, also known
as, RAQUEL S. MORA, an
individual and ANA C. GOMEZ,
also known as ANA MAGALLON, an
individual,

       Defendants.

No. 2:07-cv-00162-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

This is an interpleader action involving a dispute over the benefits of a retirement plan administered by Plaintiff Herman Miller, Inc. Retirement Income Plan ("Plan").  The Plan moves to be discharged as stakeholder in this interpleader action on the grounds that it has no interest in the disposition of the monetary benefits which are the basis of conflicting claims by Defendants.

///

1

In its Motion and Memorandum in Support of the Motion, the Plan requests that this Court dismiss it with prejudice from this action and permanently enjoin both Defendants from asserting future claims against the Plan or Herman Miller, Inc. ("HMI").[1]

**BACKGROUND**

In this interpleader action, the Plan alleges that either defendant Raquel S. Magallon ("Raquel") or defendant Ana C. Gomez ("Ana") is the beneficiary of monthly monetary payments made under terms of the Plan following the death of Juan Magallon ("Juan" or "Decedent").

On April 11, 2000, Juan, a former employee of HMI, executed a beneficiary designation form naming Raquel Magallon as the sole beneficiary of his benefits under the Plan. On January 27, 2005, Juan died. A death certificate was issued identifying Raquel Solorio Mora, believed to be Defendant Raquel, as the Decedent's surviving spouse. At this time Raquel began to receive benefits of approximately $122 per month pursuant to Juan's beneficiary designation under the Plan.

///
///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Subsequent to Juan's death, Ana came forth to claim that she is Decedent's surviving spouse and thereby entitled to the benefits from the Plan. In support of her claim, Ana has produced a marriage licence indicating that she and Juan were married in 1976 and an amended death certificate naming Ana Corina Gomez as the Decedent's surviving spouse. On August 1, 2006, upon learning of Ana's claim, the Plan immediately ceased payment of the Plan benefits to Raquel.

On January 24, 2007, the Plan brought this interpleader action. The Plan claims to be an uninterested stakeholder and has subsequently moved for discharge from this interpleader action. Although Defendants refused to stipulate to the Plan's release from the action, the Plan's motion for discharge was unopposed.

## ANALYSIS

Interpleader protects stakeholders from facing multiple liability or defending multiple claims to a fund of money by allowing the stakeholder to bring an action joining all parties asserting claims against the fund, and forcing those parties to litigate who is properly entitled to the fund. <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1265 (9th Cir. 1992). An interpleader action is a two stage process. "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability.

///
///

3

1  The second stage involves an adjudication of the adverse claims
2  of the defendant claimants.'" Metro. Life Ins. Co. v. Billini,
3  2007 WL 4209405 *2 (E.D. Cal. 2007) (quoting First Interstate
4  Bank of Or. v. U.S., 891 F.Supp. 543, 546 (D.Or.1995)).  The
5  motion before the Court focuses on the first stage of the
6  interpleader process.
7      A Court's jurisdiction over an interpleader may be
8  established in two distinct manners.  A "Rule interpleader" may
9  be brought pursuant to Fed. R. Civ. P. 22 ("Rule 22").  Cripps,
10 980 F.2d at 1264.  However, Rule 22 is a procedural device and
11 does not alone establish subject-matter jurisdiction. Aetna Life
12 Ins. Co. v. Bayona, 223 F.3d 1030, 1033 (9th Cir. 2000).
13 Therefore, a Rule interpleader action is proper only when
14 jurisdiction can be established under general statutes governing
15 federal court jurisdiction.  Id.  Alternatively, subject-matter
16 jurisdiction for a "Statutory interpleader" may be established
17 pursuant to 28 U.S.C. § 1335 when there exists "minimal
18 diversity" between the claimants and the amount in controversy
19 exceeds $500.  Cripps, 980 F.2d at 1265; 28 U.S.C. § 1335.  In
20 the present action, Plaintiff does not plead facts establishing
21 minimal diversity, rather it fashions the Complaint as a Rule
22 interpleader action with subject-matter jurisdiction established
23 under a federal question.
24 ///
25 ///
26 ///
27 ///
28 ///

4

Rarely is subject-matter jurisdiction established for a Rule interpleader by federal question under 28 U.S.C. § 1331. Metro Life Ins. Co. v. Price, 501 F.3d 271, 276 (3d. Cir. 2007).[2] However, federal courts have jurisdiction to hear interpleader actions brought by fiduciaries under the Employee Retirement Income Security Act ("ERISA"). Bayona, 223 F.3d at 1033. A company that administers claims for an "employee welfare benefit plan and has authority to grant or deny the claims, [] is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." Id. In the instant action, the Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and qualifies as a "fiduciary" under ERISA. Therefore, under ERISA, a cause of action exists which establishes subject-matter jurisdiction, based on the existence of a federal question, over the Rule interpleader action in this case.

Rule 22 provides that a stakeholder "with claims that may expose [it] to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. In the instant action it is undisputed that the Plan is an uninterested stakeholder. Additionally, it is undisputed that Plaintiff has been presented with competing claims for the benefits by the Defendants.

///

---

[2] "Statutory 'arising under' jurisdiction requires that a federal question appear on the face of the plaintiff's well-pleaded complaint. This requirement poses a problem for an interpleader plaintiff, as all the complaint seeks is an order releasing and discharging the plaintiff from liability. It is difficult to characterize such a request "as asserting either federal or state rights.") Id. (Internal quotations and citations omitted).

5

Because the unresolved, conflicting claims as to the proper beneficiary of Juan's plan may expose the Plan to duplicate liability, the Court sees no reason why the Plan was not justified in bringing this interpleader action under Rule 22.

The deposit of the disputed funds with the court is a jurisdictional requirement for a successful statutory interpleader action.  28 U.S.C. § 1335.  However, Rule 22 does not require deposit of funds with the court before discharging the stakeholder in a Rule interpleader action; although, such a deposit may be ordered at the discretion of the court pursuant to Rule 67.  Gelfgren v. Republic Nat. Life Ins. Co., 680 F.2d 79, 81-82 (9th Cir. 1982); Fed. R. Civ. P. 67.  In the present case, the Plan has agreed to abide by the Court's ruling and distribute benefits payable under the terms of the fund upon the Court's determination of the proper beneficiary.  Therefore, the Court will not require a deposit of the disputed amount as a prerequisite to granting the motion, and the discharge of stakeholder in the interpleader action is hereby GRANTED.  The Plan shall abide by any and all future judgments of this Court ordering and appointing payment to the Defendants of the benefits payable under the terms of the plan as a result of the death of Juan Magallon.

The Plan additionally requests that Defendants be enjoined from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action" pursuant to 28 U.S.C. § 2361.

///

1  The Court recognizes that an interpleader action would be futile
2  if claimants were allowed to file separate suits against the
3  claim holder. Billini, 2007 WL 4209405, at *2 (citing U.S. v.
4  Major Oil Corp., 583 F.2d 1152 (10th Cir. 1978)). However,
5  although Plaintiff cites section 2361 in its Memorandum
6  requesting an injunction, this section does not explicitly apply
7  to Rule interpleader actions.  28 U.S.C. §2361; General Ry.
8  Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991)(holding
9  that section 2361 only applies to statutory interpleaders
10 established under section 1335).

11     Although section 2361 may not apply, it is still possible
12 for the Court to enjoin defendants in a Rule interpleader action.
13 Major Oil Corp., 583 F.2d at 1158 (court may enjoin proceedings
14 when "it is found that pending or threatened state court and/or
15 other federal district court proceedings will destroy the
16 effectiveness of the interpleader suit or the enforceability of
17 its judgment."). However, "injunctive power can be brought into
18 play only if the fund or bond has been deposited by the
19 stakeholder." Id. at 1157-1158 (district court's jurisdiction
20 extends only to the fund deposited with the court); see also
21 First Interstate Bank of Or. 891 F. Supp. at 548 (granting
22 injunctive relief following deposit of the disputed funds with
23 the court). In this case, neither the fund nor a bond has been
24 deposited with the Court. Accordingly, this injunction shall not
25 issue. Should the Plan deposit the funds with this Court, the
26 Plan may move for an injunction at that time.
27 ///
28 ///

7

**CONCLUSION**

The Plan's Motion for Discharge of Stakeholder in Interpleader Action is hereby GRANTED and the Plan is dismissed from this action with prejudice.

IT IS SO ORDERED.

Dated: July 2, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE